NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNIVERSITY SPINE CENTER, <br><br> Plaintiff, <br><br> v. <br><br> AETNA, INC. and TEAMSTERS WESTERN REGION AND NEW JERSEY HEALTH CARE FUND, <br><br> Defendant. | Civil Action No.: 17-8747 (CCC) <br><br><br> OPINION |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the Motion of Defendants Aetna, Inc. ("Aetna") and Teamsters Western Region and New Jersey Health Care Fund (collectively, "Defendants") to Dismiss Plaintiff University Spine Center's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 6 ("Motion")). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons that follow, Defendants' Motion to Dismiss is denied.

## II. BACKGROUND

Plaintiff contends that on June 6, 2016, A.T. ("Patient"), who is insured by Defendants, "underwent posterior spinal fusion from T4 to L3, Smith Peterson type osteotomies at T5-T6, T6-T7, T7-T8, and T8-T9, posterior spinal instrumentation from T4 to L3, anterior spinal diskectomy and fusion at L2-L3 via lateral retroperitoneal approach, application of biomechanical device at L2-L3, and other related procedures." (ECF No. 1 ("Compl.") ¶ 5). Plaintiff further asserts that it "obtained an assignment of benefits from Patient enabling Plaintiff to bring this action under the Employee Retirement Income Security Act of 1974 . . . ("ERISA")." (Id. ¶ 6). Plaintiff alleges

that it "prepared Health Insurance Claim Forms . . . formally demanding reimbursement in the amount of $684,503.00 from Defendants" (*Id.* ¶ 7), but that Defendants "only allowed reimbursement totaling $7,321.10 [.]" (*Id.* ¶ 8). Plaintiff states that it "engaged in the applicable administrative appeals process maintained by Defendants . . . [but] Defendants failed to remit additional payment in response to Plaintiff's appeal[.]" (*Id.* ¶¶ 9, 11).

On October 19, 2017, Plaintiff filed a complaint against Defendants alleging: (1) failure to make all payments pursuant to a member's plan under ERISA § 502(a)(1)(B) (codified as 29 U.S.C. § 1132(a)(1)(B)) ("Count I"); and (2) breach of fiduciary duty under ERISA §§ 502(a)(3), 404(a)(1), and 405(a) (codified at, respectively, 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a)) ("Count II"). (*Id.* ¶¶ 14-31). Plaintiff purports that it has been underpaid in the amount of $677,181.90, which allegedly "[t]ak[es] into account any known deductions, copayments[,] and coinsurance[.]" (*Id.* ¶ 12). On December 5, 2017, Defendants filed a Motion to Dismiss Count II for breach of fiduciary duty as duplicative of Count I for failure to make all payments pursuant to a member's plan, which is now before the Court. (ECF No. 6).

### III. LEGAL STANDARD

"For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions . . . will not do.' Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV. DISCUSSION

As stated above, Defendants maintain that Count II, breach of fiduciary duty under ERISA, should be dismissed because it is duplicative of Count I, failure to make all payments pursuant to a member's plan under ERISA. (Motion at 4). Defendants rely on *Varity Corp. v. Howe*, 516 U.S. 489 (1996), and argue that both counts assert a common legal theory and seek identical relief, i.e. the recoupment of the same $677,181.90 in allegedly underpaid expenses. (Motion at 4; ECF No. 10 at 1-2). Plaintiff counters by arguing that "the Third Circuit, Sister Circuits, and this Court have held a plaintiff who has been denied benefits can, at the pleading stage, maintain an action for benefits under [§ 502(a)(1)(B)] and an action for 'other appropriate equitable relief' under [§ 502(a)(3)(B)]." (ECF No. 8 at 3 (citing, inter alia, *Lipstein v. United Healthcare Ins. Co.*, No. 11–1185, 2011 WL 5881925, at *2 (D.N.J. Nov. 22, 2011)).

In *Varity*, the Supreme Court held that § 502(a)(3) is a "safety net," or "catch-all" provision allowing for "appropriate equitable relief for injuries caused by violations that § 502 *does not elsewhere adequately remedy.*" *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (emphasis added).

3

However, as courts in this District have noted, *Varity* does not preclude the assertion of both a claim under § 502(a)(3) and a claim under § 502(a)(1)(B) at the pleading stage. *See University Spine Center v. Aetna Inc.*, No. 17-8160, 2018 WL 1409796, at *7 (D.N.J. March 20, 2018) ("I do not believe that *Varity* precludes the assertion of Counts II [failure to make all payments due] and III [breach of fiduciary duty] at the pleading stage"); *University Spine Ctr. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17–8711, 2018 WL 678446, at *2 (D.N.J. Feb. 2, 2018) ("[T]his Court finds that it is too early in these proceedings to decide whether [p]laintiff is contractually entitled to benefits under the [p]lan. If [p]laintiff is not entitled to benefits under the [p]lan, [p]laintiff might still be entitled to 'other appropriate equitable relief' to remedy any breaches of fiduciary duty by [d]efendants.") (internal quotation omitted); *Lipstein*, 2011 WL at *2 ("The Court is persuaded by the reasoning of those courts that have found that *Varity* does not establish a bright line rule precluding the assertion of alternative claims under §§ 502(a)(1)(B) and 502(a)(3) at the motion to dismiss stage."). Accordingly, this Court will deny Defendants' Motion to Dismiss Count II. If applicable, Defendant may raise this issue again on summary judgment after factual discovery regarding available relief is concluded.

## V.     CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is denied. An appropriate Order accompanies this Opinion.

DATED: July 20, 2018

_____
**CLAIRE C. CECCHI, U.S.D.J.**